# Petition for 42usc1983 Civil Rights Lawsuit

## Complaint and Affidavit of facts in support of Petition

Tyler Christ (TC)

475 E. Robins st lot 79    (501)-458-9177           Plantiff

Conway Ar 72032

**FILED**
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS
MAR 0 4 2021
JAMES W. McCORMACK, CLERK
By: _____ DEP CLERK

and

Lisa Christ (LC)   (501)-238-9566           et el (co plantiff)

475 E. Robins st lot 79

Conway Ar 72032

4:21CV177-BRW

This case assigned to District Judge Wilson
and to Magistrate Judge Ray

vs.

Laura Rogers    (501)730-9948 (Dhs supervisor)

100 E. Siebenmorgan Rd                Defendant

Conway Ar 72032


Jennifer Hutchinson    (501)472-2485 (Dhs case manager for Tc and Lc)

1000 E. Siebenmorgen Rd               Defendant

Conway Ar 72032


Cashawna Whitaker (501)730-9900 (Dhs investigator)

1000 E. Siebenmorgen Rd               Defendant

Conway Ar 72032

Terri Davis (501)253-0416 (Dhs investigator)

1000 E. Siebenmorgen Rd                              Defendant

Conway Ar 72032


Cody Bassham, Ar Bar No. 2015053 (Attorny for Dhs)

(870)405-5523

100 Weaver Ave,

Batesville Ar 72501


Lisa Beuth, Ar Bar No. 2011202 (Attorny for Dhs)

(501)852-8869 & (501)-730-9950 (501)-339-8483

1000 E. Siebenmorgen Rd                              Defendant

Conway Ar 72032


Arkansas Department of human services (Dhs)    501)730-9900 (contribuiting Actor)

1000 E. Siebenmorgen Rd                                              ET AL

Conway Ar 72032


David Clark    (persideing judge)

Twentieth Judicial Fourth Division Judge

david.clark@faulknercounty.org    Phone: 501-328-4156              ET AL

Office Address:                                    Mailing Address:

510 S. German Lane                                 801 Locust Ave.

Conway, AR 72034                                   Conway, AR 72034

Glen Hoggard (501)258-5751    (attorny for TC)

2513 McCain Blvd. Suite 128

North Little Rock, Ar 72116                                          Et AL

Jurisdiction:

The jurisdiction of this lawsuit belonging to the Federal court bearing the fact of Federal constitutional amendments and Federally protected Civil Rights being violated by the County Circut Court and the Arkansas Department of human services, both state actors. The actors engaged in 42usc1983 deprivation of civil rights against Tyler Christ and Lisa Christ and used "color of law" to sustain their unlawful actions.

Venue: Venue belongs to the Federal Court as The state actors who engaged in constitutional violations against Tc and LC used the "color of law"; that is, arkansas civil code, as justification to engage   in civil right deprivation in favor of the "state code" as opposed to the Federal constitution. It would be wholely unfair and biased aginst Tc and Lc to be expected to recieve justice from the state of arkansas, who is the enabler of the Civil right violations in the first place. The federal court being governed by the constitution    would be unbiased by any state legislature . Therefore Tc and Lc pray for the Federal Courts investigation and    intervention into the matter at hand.

In lieu of Case No. 23-oi-20-4,    23-jv-20-194 whereas:

Tyler Christ (11/21/93) and Lisa Christ (02/12/92) are defendants

Hunter Christ (HuC) (12/13/13) and Hannah Christ (HnC) (02/12/16) are respoymants

and

Arkasnsas department of human services

The State of Arkansas Faulkner Co. circut court    (Judge David Clark)    are the Plaintiffs

Facts:

1.    On 08/27/2020 Dhs claims to have recieved a report of HuC being struck in the head by TC

TC was incarcerated at the time of the alledged incident, report was a hearsay statment presumed to be provided by ellen smith    elementary school, but was declared as "an annoymous call",    proving no probable cause to persue said report.

Tc was released on bond from Faulkner county detention center on 10/1/2020, for a criminal incident that occurred    on 8/17/2020    with a no contact order against LC and the children as condition of release on bond.

Since Tc's release, Tc has had no contact with Lc or the juveniles.

Pursuant to said report of 08/27/2020,    Dhs came to LC address at 475 E.Robins st #79, Conway Ar 72032, Dhs tried to establish contact with LC, but when LC cited her 5th amendment right to remain silent, Dhs left, and Dhs claims that on    7 different occasions after their origional attempt Dhs came by LC residence, and the times LC was home she declined to interact without a court order per her 5th amendment right. Dhs later aquired a Order to investigate from the court via the hearsay statement

made on 08/27/2020. It is understood by both TC and LC that an order to investigate is a warrant for information, and as no warrant shall issue without probable cause (4th amendment), and a hearsay statement by itself bears no grounds for probable cause, and LC and TC where given no due process in a court of law to contest such order to investigate.

3.      Dhs started a lawsuit on 10/13/2020 aginst TC and LC after LC informed Dhs of the right to due process and the right to remain silent would be maintained. Lawsuit numbered 23-oi-20-4. No court date was given to TC or LC pending said lawsuit, only a demand to respond to the   allegations against them. Lawsuit stipulated   a "no response" would be treated as grounds for a default against TC and LC. 5th amendment   right of silence abrogated via threat of punishment for exercise thereof.

4.      LC as of 10/27/2020 Filed a motion to dismiss lawsuit case 23-oi-20-4, citing the unconstitutionality of the lawsuit, showing FCCC proceeded without due process by not giving TC and LC a court date to contest the charges, Dhs having neither photographs or doctors exams, or firsthand eyewitness accounts of any alleged "abuse", and by not upholding the 5th, 4th and 14th amendment thereby giving FCCC a lack of jurisdiction to proceed. FCCC was also informed of the Article VI paragraph 2 also known as the supremacy clause of the federal constitution whereas federal laws and rights superseed any state law by which the state under usc title 18 part 1 chapter 13 $242 might attempt under color of law to   abrogate said Federal rights and liberties in favor of the state statute, see case law Davis vs. Wechsler 263 US 22, 24 for supporting reference, FCCC being informed of their error, TC and LC motioned to have the case dismissed, challenging jurisdiction. FCCC has failed to respond to the motion.

5.      Dhs in support of the lawsuit 23-oi-20-4, submitted that they had went to ellen smith elementry school and spoke with HuC, by which they "obtained" a "statement" from him,    without due process having no warrant issued via probable cause(4th amendment),nor being given a day in court to contest

said action(14th amendment), they effectively (in the opinion of TC and LC) stole information, and violated the right to be informed of the action being commenced against them.

6.  On 11/10/2020 Dhs claims to have recieved another report of alleged abuse, failure to protect, and/or neglect, specifically it is alleged there is a no contact order preventing TC from having any form of contact with both the children and LC, Dhs claims as a fact-without ANY proof-that LC has allowed TC back in the home, and that LC had allowed TC to handcuff HuC and put him in a closet for an undetermined amount of time without water. It is alleged HuC claimed he had "scars" from the supposed handcuffs, to which Dhs admits no such marks or "scars" exist, but continued to proceeed with a court action.

7.  HuC has a history of severe communication deficiencies , to the point his school has requested TC and LC to sign a I.E.P. or individualized education plan,   specifically to address his speech , as his grades are very poor due to his inability to communicate what he does or does not understand, to which LC gave consent to HuC to get , yet, Dhs seems to have aquired a very detailed   "statement" from HuC, far more detailed than a child with his communication deficiency   would be able to convey without many hours of dialog between himself and a trained therapist   who specialises in children with communication issues. Dhs has failed to produce the 51A form by which cross examination of the "interviewer" might be made, including a conformation   of their credentials   by which they might be qualified to interpret the "statement" HuC supposively made per dhs account of things . TC and LC are informed that state law abrogates the 14th constitutional amendment which grants cross examination and the right to face witness who make claim against the defendant. Due process violation.

8.  As of 11/12/2020, Dhs Filed with FCCC for another Petition for order of investigation, using the original   case, namely 23-OI-20-4, and as shown later, the petition did NOT include an affidavit of facts by which the Dhs might obtain a   legitimate order, but, instead FCCC (Namely Judge David clark)

proceeded to approve the petition for order to investigate, thus abrogating the right to due process by not following the proper process demanded of him-namely the law that no warrant shall issue without probable cause. Having no affidavit by which facts and thus probable cause might be established the order to investigate was "dead from inception". It was void by default, having no jurisdiction, therefore not executable.

This next segmet is absolutely imperative to be understood and considered

9.   On 11/13/2020, Under the case 23-OI-20-4, Dhs-using this new void order to investigate-Did no investigation. NONE. Instead, the Dhs went to ellen smith elementary school and took HuC into custody. On the same day of his seizure, Dhs went to the home of LC accompanied by several County police officers. Dhs knocked on the door, and announced "You need to come outside and talk to us", LC declined, to which Dhs yelled through the door "We have your son". LC, stricken with terror at the statement came to the door and was met by a posse of armed individuals. Dhs immediately said "we are taking your daughter" LC was confused, and immediately objected. In the heat of the moment,Dhs worker Cashawna Whitaker,taking advantage of the confusion LC was under, WITHOUT asking, nor with a warrant, slipped past LC and snuck into the home of LC, thereby trespassing- as LC did not consent and the order to investigate was void-and seized HnC off the bed, came back outside and put HnC in the back of the Dhs Van. LC pleaded and asked repeatedly what this was about, to which Dhs worker Terri davis said "the kids are being taken for inadequate supervision", LC asked what she meant, but was denied further information. LC speaking to Dhs and the Police all at once said aloud "Is this about my husband and the no contact order?, Go inside and look for yourselfs, he is not home!! I havent seen him since August!" Both the police and Dhs declined the offer to "investigate" as to whether or not TC was

home, but rather went on their way, taking the children with them, Leaving LC in turmoil. No services where offered to prevent the seizure of the children, nor was any investigation done. Even if the order to investigate had been valid (hypothetically), the Dhs did no such thing to fulfill the order and give due process, no investigation, rather, dhs used the order as a tool to acquire a police escort as a show of force and coercion to quell any expected resistance to their unlawfull seizure. Using "color of law" via a bogus and void order to deprive LC of her children and failed to render due process by investigating anything.

10. On 11/16/2020, Dhs filed a "sorry" letter in RE: 23-OI-20-4. Stating how they "accidently" petitioned for a 2nd order to investigate under the same case instead of a new one, WITHOUT an affidavit, and how the judge signed off on it anyway. They then proceed on the same day to close case 23-OI-20-4, BUT use the information and "evidence" illegaly aquired in lieu of the fact that the order to investigate was unlawful from its inception, and to use that "evidence" to start a "new" case.. The "oops" letter also was filed with the "affidavit" which was conveniently omitted from the origional order to investigate, and had the unlawfully obtained information (namely HnC foot injury) incorperated into it, but it was stated in such a manner as if it was part of the origional "cause" for the investigation in the first place. Fruit of the poision tree as it were. Dhs cited this error as a " clerical error".

The judge being expected to be knowledgable of the law he purports to uphold, and the Dhs attorney also; it reasonably seems absurd to believe that 2 licensed individuals, who are expected to know due process procedures, and the finer points of the law, bar members no less, would BOTH have had such a Grotesque "clerical error" and oversight, and how Judge clark could "glance over" such a violation-frankly-is very crushing.

Tc and Lc Brought to judge clarks attention how he (per the "oops" letter) signed the 2nd order to investigate, and allowed dhs to take the children, all WITHOUT AN AFFIDAVIT. Nothing to support his signiture. No due process. Judge clark answered very matter of factly "Yes I did sign and authorise that, and even though i didnt have a supporting affidavit at the time, knowing then what I know now, I would have signed it anyway." Judge clark ADMITS to violating Tc and LCs due process. It doesnt matter what he "knows now", he didnt "know" it then, nor did he give Tc and Lc due process of an affivadit, Tc and Lc where not innocent until proven guilty, Tc and Lc were presumed guilty from the start.

To allow the "police powers" of the state to abduct children from their home because of an "oops" is not an accident, The evidence presented here is (in Tc and LC opnion) prima fasci that The Judge and Dhs both conspired, and purposly violated The Rights of the Parents. If the judge did indeed "oops", then he is opperating in negligence, not holding his office in the honor it deserves.

11.

A.) 11/17/2020, TC and LC where given a "probable cause hearing" under a new court case namely 23-jv-20-194. TC and LC spoke to judge clark and brought forth these concerns, to which judge clark quickly dismissed them, and proceeded anyway, stateing that our concerns where invalid because "sometimes screws fall loose". TC and LC also challenged jurisdiction, but judge clark stated he had it because TC and LC lived in arkansas. TC and LC also cited case law United states v. Minker 350 US 179 at 187 (1956) and case law Hale vs. Hinkel 201 US 43 at 89 (1906) whereby absent consent or contract or Voluntarily surrendered freedom and rights, no court can obligate or compell a person to anything, or hold them (the person) accountable for not doing that which it (the court) whishes to impose upon them (the person) to do. TC and LC showed lack of personal jurisdiction by which the court presumed to opperate under. Judge clark disagreed. TC and LC clearly and concisely stated to reserve ALL their rights, not surrendering any to the court for personal jurisdiction to be established. TC and LC also stated

that they had absolutly no contracts with the state of arkansas or dhs which the court might obligate them too. Tc and LC at this courtdate elected to both be Pro Se in this court case, fearing that the corruption of the court would be ingrained into any attourney which the court might perscribe to them, The judge granted this but commented to LC "only a fool represents himself", thereby insulting and belittling TC and LC. TC asked the judge in court to Recuse himself on account of his partiality to Dhs, and his   authorising unconstitutional orders and actions, to which the judge sat and thought about it and responded " I really should recuse myself, but i wont".   TC informed him that his not recuseing himself though knowing he should further "proves" why he should, that he is too partial to his own bias to be inpartial enough to be fair and just.   he responded with "I wont do it because if i did everyone would cry "recusal, recusal!" and no judge could ever oversee a case."

12.     On 11/17/2020, a probable cause hearing order was issued at the completion of the court date. Point 2 on the order cites a 72 hour hold was placed on the children because they were (in the words of Dhs) in "immediate danger". BUT point 4 on the same order states "Despite the efforts of DHS to provide the family services,the juveniles still had to be removed because the parents failed to comply with the prior order of investigation". There are 4 MAJOR problems with this   perjurious claim, namely:

  1). Dhs offered absoutly NO services! None. this is a clear lie. Perjury as it was cited as a "fact" under oath in a court of law. Dhs repeated attempts to make contact with TC and LC over the 08/27/2020 report where in fact not an attempt to offer service, but rather an attempt to establish evidence to support the claim, and thus an attempt to gain "legal" support to compell contract or "service".   it was coercion    by harrassment.

  2). TC and LC had the RIGHT to refuse the investigative order, as it effectively abrigated the 5th amendment to not self incrimminate, and it abrigates the 14th amendment to due process, as TC and LC where given no courtdate to contest the order or claim, And, the Order to investigate was signed by the

judge WITHOUT an affidavit to support it, thus being dead from inception.

3).The court determined that the exercise of their ( TC, LC) rights constituted " Immediate danger" to the children.   To punish the exercise  of a constitutionally protected right using color of law is indeed a 42usc1983 violation.

4). The juveniles were siezed without a body warrent, without evidance, under the presumption that the parents were guilty of the charges against them, without due process and benefit of a courtdate first, by which the parents might be "innocent till proven guilty". But not so. TC and LC where entitled to a court date first so due process might be rendered, and IF found guilty, THEN a warrent issued, but rather, the parents were deprived of their children first without being given due process.

13.     At the same court date, TC and LC cross examined Cashawna Whitaker, the Dhs agent who siezed HnC, as to what "investigation" she did to support due process. "none, it was Terri Davis who did the investigation" was her response . It was later that a text message communication between LC and Davis occurred and was submitted to the court for evidence, whereby LC asked Davis if she did the investigation, whereby davis said "no, I did no investigation", to which LC answers davis "Cashawna Whitaker said you DID do an investigation in court when you took HnC, are you accusing your coworker of perjury?" to which davis never responded. Indeed it IS perjury, as Dhs worker Cashawna Whitaker was under oath, and cited as FACT, that davis Did do an investigation.    Who is lieing?

14.     On 12/9/2020, an adjudication/disposition hearing was held, at which time after many motions from LC and TC asking Judge Clark to dismiss the case and recuse himself for both Dhs deprivation of the parents rights, and his conspiring with them to do such, also showing his partiality to Dhs. Judge clark indicated his lack of care and cited the arkansas "civil code" as his defense to the overreach he exercised and allowed Dhs to do. At the previous courtdate (11/17/2020), it was ordered to Dhs that a case plan for TC and LC be drafted and submitted to the court by 12/2/2020 and be distributed to all parties

involved (including TC and LC). As of 12/9/2020, No case plan was drafted, or submitted to the court or TC and LC. This was brought to the judges attention, whereby he again "screws fall loose" excused it away, but still ordered TC and LC to cooperate with the case plan "when" it was completed . TC inquired as to how about getting redress if the case plan was not agreed upon, whereby judge clark stated it would be "addressed" at the next courtdate on 03/16/2021, but in the meantime to still "cooperate" with it, by which TC stated that order to be in violation of ucc 1-308, and to compell him was illegal, to which Judge clark responded "i cannot compell you to do the case plan, but i can compell you to the consequences of not doing it"-TC felt this as a form of coercion , a veiled threat almost. TC and LC where sternly informed at the begining of the court date of how the "court" will not accept anymore citing of constitutional    rights, or the deprivation thereof, nor will the court hear out any fact    implicating the court to be in "dishonor" or to be acting in a manner not consistent with the "law". TC and LC were reluctant to say much at this courtdate, being under duress and coercion ,    in fear to speak on vital issues rife throughout this entire court proceedure, especialy fearing to assert any rights perceived as violated. The courtdate ended with The judge still "offering" LC and TC to be able to visit the children at least 4 hours a week. Tc's visits where contingent upon the no contact order being dropped where in Tc's criminal case he was prohibited from seeing LC and any of her "immediate family" be modifyed to not include the children, whereby he might enjoy visits with his children. TC was designated a "nonoffending" defendant at this courtdate, but was included in this case because of "prior" domestic criminal charges, so as to say TC was included because of "suspicion"

15.     At the 12/09/2020 Courtdate, being informed of not having the right to "Disagree" with the court, TC moved to have the court grant him an attourney, as he was under threat to not exercise his rights, he knew he needed an advocate. The Judge responded to Tcs request by stateing the following "No, i will not grant you counsel.", to which TC asked why, Judge Clark responded "Because, If I give you an attorney, you wont like what he does, and then you will be complaining about the attorney and ask

for another one, and when i do that, you wont like that one either, and then you will want to be pro se again. So NO, i will not give you an attorney". The Judge flat out denied TC his Constitutional right to an attorney. In court.

16.     On 12/21/2020, TC had a criminal court proceeding to where he was defendant, The prosecutor Ms. Courtney Kennedy, TC made a request to modify the no contact order against TC and wanted it made to only have LC as the person to not communicate with, and to allow TC access to his children, Ms Kennedy objected, and proceeded to inform Judge foster "Dhs contacted me (Kennedy) and asked me to not only object to the modification, but to have me request that the "immedate Family" portion of the nco be modified to Specify "HuC and HnC" instead of just "immedate family". The Judge (foster) even found this suspicious, and asked "does it change your understanding of the nco weather it says "immedate family" or specifies the children by name?" to which TC's attorney said no, but Ms Kennedy insisted "Dhs asked me to request this". To which Judge foster went in favor of Ms Kennedy, and thereby the favor of Dhs.

17.     Having already been granted by Judge Clark for TC to see the children contingent upon the modification of the nco to allow it, Dhs tried to "go around" Judge clark, and use the criminal case to abrogate TC's parental rights. The platform for Dhs to express concerns of TC and the nco is in the civil case, not the criminal case. Dhs attempted to circumvent    Judge Clarks ruling via proxy (Prosecuter Kennedy), thereby showing disreguard for Judge clarks position of authority.( A common world comparison could be a child who doesnt get his request granted by one parent to go behind the back of said parent and ask the other parent for the same request, in hopes of getting said request fulfilled. This is a form of manulipation in both cases.) Dhs acted in a manipulative fashion, showing malicious intentions.

18.     The Court (clarks) made it clear that it is the "goal" to have "reunification of the family", but for Dhs to "go around" Clark and act in a manner contrairy to the stated "goal" is maliciousness. Dhs has shown that their goal is contrary to that perscribed by Judge clark.   If Dhs wanted TC to not see the children, they should have addressed it with Judge clark, not go around him and interfere with a court they have no business or jurisdiction in. Dhs has made it clear that their "Goal" is not the same as what was said in court, thus dhs opperates in conflict with the court. TC and LC are of the opinion that this is akin to Contempt of court by Dhs.

19.     Dhs has shown their intent is not to reunite TC with the children, but rather to keep him from them, but give the "appearance" of "trying to reunite",   Dhs lies through there teeth and claim "we only want to help you all". But then opperating in contempt to attempt to "legally" Prevent TC from being able to reach the "goal" being set forth. It is a bull and pony show.


20.     As of 12/9/2020, After the courtdate, after both TC and LC where dismissed, Judge clark, after denying TC an attourny and abrogating his 1st amendment right to speak freely, The judge in an attempt to "cover his tracks", in an ex parte order, outside of court, emailed a Mr Glen Hoggard, and appointed him to represent TC. Mr hoggard conveyed to TC that the judge said in the email "I feel Tc is making a good choice wanting to be represented insted of being pro se". as his reasoning for appointiong Mr Hoggard to TC.   TC was unaware of this discourse until the middle of December, when he attempted to file an appeal with the arkansas supreme court which was later accepted. Mr Hoggard then contacted TC to inform him of him (mr h) being TC's attorney. Mr hoggard then usurped the appeal and modifyed it, originally Tc had filed it with both TC and LC as the filers, But Mr Hoggard removed LC from the complaint absent TC's knowledge.

21.     Mr hoggard and TC have had multiple conversations, where TC has brought all the issues in this

complaint to Mr Hoggards attention, but Mr Hoggard maintains that the "civil law" of arkansas is seperate of the constitution, and even the supremacy clause of the constitution "doesnt apply". Fully convinced in his own mind (Mr Hoggard) that the "arkansas civil law" is superior to the constitution, Mr hoggard claims the constititution "only applys to criminals and criminal cases". TC asked Mr hoggard "If this where a criminal case, would these things be valid?" to which Mr Hoggard replied "oh absolutly, the case would have been dismissed long ago". Mr Hoggard appears to have an extremely narrow view of what the constitution applys to. in representing TC, Mr Hoggard has miserably failed and allowed The Arkansas court to abuse its power and under color of law allow Dhs to violate the rights of TC and LC.

21. As of 01/21/2021, LC recieved a phonecall from Dhs citing that HnC had a positive Covid-19 test, and that the day before LC had had 4 hours of exposure to it via the visit at the department. This is viewed as purposeful assult on LC by Dhs, as Dhs shuld have cancled the visit the day before if suspicion of HnC having covid existed. The seziure of the juviniles in the first place was assault on the juveniles, as LC was very rigorous of her practice of social distancing, and It is viewed as purposeful neglect and assault by Dhs on the children for the carelessness of action and "oversight" of the lack of care Dhs displays, namely for the wellbeing of the children and LC.

22. A reasonable person cannot expect someone else to "climb a latter" to "reach a goal" that is purposely set twice the height the latter is designed to reach. What "progress" toward a case plan can TC reasonably accomplish when he is denied the ability to participate in said plan? TC is being subjected to unreasonable requirements and then being penalized for not having "accomplished" that demanded of him, and all that by not a "clerical error" nor a "few screws loose", but a fully knowledgable and purposeful malicious sabotage. TC cannot legaly obtain the "goal", as it was made

impossible by the sabotage of his Motion to modify the nco. Dhs sabotaged it via proxy (ms kennedy). Any concerns with the TC seeing the children should have been taken up with Judge clark, not Judge foster.

If the common person cannot see the maliciousness of Dhs and the purposful abrogation of the rights of TC and LC, then what do you call it?

23.

relief sought:

TC and LC pray that the Honorable Federal court investigate this matter at hand and if The court indeed find Violations occoured against TC and LC, that the court award restitution from Dhs Faulkner County in the amount of $800 a day for each day the State of arkansas and its actors opperated in depravation of the rights of the Parents, including every day the juveniles where held against the will of the parents in custody other than their own. TC and LC also pray that the Federal court order the Children to be returned back home

Tyler Christ
475. E Robins St # 79
Conway AR 72032

US Distr
Easterr
600 W
Little Rc