IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

TYLER CHRIST
LISA CHRIST                                                                                    PLAINTIFFS

VS.                                            4:21-CV-177-BRW

LAURA ROGERS, DHS Supervisor;
JENNIFER HUTCHINSON, DHS Case
Manager; CASHAWNA WHITAKER, DHS
Investigator; CODY BASSHAM, DHS Attorney;
LISA BEUTH, DHS Attorney; ARKANSAS
DEPARTMENT OF HUMAN SERVICES;
DAVID CLARK, Judge; GLEN HOGGARD,
Attorney                                                                                       DEFENDANTS

## ORDER

Plaintiff Tyler Christ filed this *pro se* case on March 4, 2021, under 42 U.S.C. § 1983. Christ's Motion to Proceed *In Forma Pauperis*, (Doc. No. 1), is GRANTED, since reports no income. However, for the reasons set out below, the case is DISMISSED. The Motion to Appoint Counsel (Doc. No. 3) is DENIED as MOOT.

Mr. Christ filed this lawsuit on both his and Lisa Christ's behalf.[1] Lisa Christ neither signed the complaint nor sought to proceed *in forma pauperis*. Individuals who are not licensed attorneys can appear in the courts and engage in the practice of law provided that they do so for themselves and in connection with their own business.[2] When a non-lawyer attempts to represent the interests of other persons, the practice constitutes the unauthorized practice of law and results in a nullity. Since Tyler Christ is not a licensed attorney, filing the complaint on his and Lisa

---

[1] Complaint, Doc. 2.

[2] *Stewart v. Hall*, 129 S.W.2d 238 (Ark. 1939).

Christ's behalf constitutes the unauthorized practice of law.³ For that reason, I will screen only Tyler Christ's allegations.⁴

A court may dismiss a complaint filed *in forma pauperis* at any time if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief.⁵ A complaint fails to state a claim upon which relief can be granted when "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."⁶ A complaint may be dismissed before service of process and without leave to amend.⁷ Although *pro se* complaints are to be liberally constructed, "they still must allege sufficient facts to support the claims advanced."⁸

Throughout Christ's complaint, he alleges Defendants violated his rights by investigating the alleged maltreatment, and the welfare of, his children. He asserts that the investigators, attorneys, and the presiding judge each violated his rights in some way. Christ appears to challenge Defendants' motives and the evidence supporting simultaneous state proceedings involving custody and criminal charges. I take judicial notice of Christ's state cases.⁹ On

---

³ *Bass ex rel. L.B. v. State*, 93 Ark. App. 411, 413-14 (2005) (holding that a non-lawyer father's attempt to appeal on behalf of his minor child constituted the unauthorized practice of law).

⁴ 28 U.S.C. § 1915(e)(2).

⁵ See *Martin-Trigona v. Stewart*, 691 F.2d 856, 857 (8th Cir. 1982) (*per curiam*).

⁶ *Price v. Moody*, 677 F.2d 676, 677 (8th Cir. 1982) (*per curiam*).

⁷ *Christiansen v. Clarke*, 147 F.3d 655, 658 (8th Cir. 1998).

⁸ *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004).

⁹ *Catholic Or. of Foresters v. U.S. Bancorp Piper Jaffray, Inc.*, 337 F. Supp. 2d 1148, 1159 (N.D. Iowa 2004) ("The court may also take judicial notice of public records, such as the docket

February 22, 2021, Christ pleaded guilty in Faulkner County Circuit Court to Third Degree Domestic Battering.[10] On February 25, 2021, he appealed to the Arkansas Court of Appeals the state dependency neglect investigation that resulted in the temporary custodial adjudication of his children.[11] Although he identifies it as restitution, Christ seeks money damages for each day his children have been taken from him.[12]

It appears that Christ wants to invalidate the temporary termination of his parental rights and to challenge the validity of the parallel criminal suit by alleging vague misconduct by Defendants. Christ cannot get relief for a number of reasons. First, Christ cannot seek redress in federal court for issues related to custody.[13] Second, I am similarly barred from addressing any on-going state criminal proceedings,[14] and cannot award damages under § 1983 unless a conviction has been invalidated.[15] For these reasons alone, I lack jurisdiction.

Additionally, Christ makes no specific allegations against Rogers, Hutchinson, Basham, or Beuth other than naming them in the caption. His only mention of Whitaker and Davis were in relation to claims he was asserting on Lisa Christ's behalf, which are not properly part of the lawsuit in any event. Further, Judge Clark is immune from suit for decisions made in his judicial

---

and pleadings of pending judicial proceedings, pursuant to Rule 201 of the Federal Rules of Evidence.").

[10] *See* Arkansas Judiciary Website, Docket Search, http://caseinfo.arcourts.gov; *State v. Tyler Christ*, 23CR-20-999 (Plea, Feb. 22, 2021) (Judgment, Feb. 26, 2021).

[11] *Id.*, *Christ v. Ark. DHS and Minor Children*, CV-21-84.

[12] Complaint, Doc. No. 2 at 16.

[13] *Kahn v. Kahn*, 21 F.3d 859, 861 (8th Cir. 1994).

[14] *Younger v. Harris*, 401 U.S. 37 (1971).

[15] *Heck v. Humphrey*, 512 U.S. 477 (1994).

role.[16]  Finally, it is questionable whether Hoggard, who appears to be court-appointed counsel, was acting "under color of state law within the meaning of § 1983" in his representation of him.[17]

For the above stated reasons, Christ's complaint is DISMISSED without prejudice for failure to state a claim.

IT IS SO ORDERED this 9th day of March, 2021.

                                              Billy Roy Wilson  
                                              UNITED STATES DISTRICT JUDGE

---

[16] *Robinson v. Freeze*, 15 F.3d 107, 108 (8th Cir. 1994).

[17] *Polk County v. Dodson*, 454 U.S. 312, 321 (1981).